**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRADLEY EGGLESTON and NICHOLAS MACHOVEC, on behalf of themselves and all others similarly situated,** | **CASE NO. 1:16-cv-6775** |
| **Plaintiffs,** | **COLLECTIVE ACTION** |
| -against- | **COMPLAINT** |
| **U.S. CELLULAR CORPORATION, a Delaware corporation,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

Plaintiffs Bradley Eggleston and Nicholas Machovec (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have worked as Sales Managers ("SMs") for U.S. Cellular Corporation anywhere in the United States.

2.      U.S. Cellular is headquartered in Illinois and according to its website it is the "fifth-largest full-service wireless carrier in the United States."

https://www.uscellular.com/about/index.html (last viewed June 28, 2016).

3.      Defendant operates over 200 locations in over 14 states, including Oklahoma, Iowa, Wisconsin and Oregon.

4.      SMs spend the vast majority of their time performing similar duties as non-exempt, salespeople.  These duties include making sales to customers on the sales floor,

receiving and applying customer bill payments, troubleshooting customer phones, and unpacking product deliveries.

5. SMs, who are classified as exempt, are required to perform non-exempt work in order to ensure sufficient floor coverage and provide customer service.

6. Throughout the relevant period, Defendant's policy across its locations has been to uniformly classify SMs as exempt from federal and state overtime provisions and not to pay SMs any overtime wages.

7. Defendant regularly requires SMs to work in excess of 40 hours per workweek.

8. The primary duty of the SM position is to perform non-exempt work including customer service and tasks.

9. The primary duty of the SM position does not vary among Defendant's locations nationwide.

10. The primary duty of the SM position does not fall under any of the exemptions under federal or state overtime laws.

11. By the conduct described in this Collective Action Complaint, Defendant has violated the Fair Labor Standards Act ("FLSA"), by failing to pay SMs, including Plaintiffs, the overtime wages that they have earned and to which they are entitled by law.

12. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

## THE PARTIES

### *Plaintiffs*

#### *Bradley Eggleston*

13.    Plaintiff Bradley Eggleston is an adult individual who is a resident of Edmond, Oklahoma.

14.    Eggleston was employed by Defendant from approximately May 2012 to February 2015.  During this period, he worked as a SM in Defendant's store located in Oklahoma City, Oklahoma.

15.    Pursuant to Defendant's policy, pattern, and/or practice, Eggleston regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

16.    Throughout his employment with Defendant, during most weeks that Eggleston worked for Defendant, he typically worked 5 to 6 days per workweek, with typical work days starting as early as 9:00am and ending as late as 9:00pm.  On average, he worked approximately 50 to 60 hours per workweek.

17.    Eggleston is a covered employee within the meaning of the FLSA.

18.    A written consent form for Eggleston is attached hereto as Exhibit A.

#### *Nicholas Machovec*

19.    Plaintiff Nicholas Machovec is an adult individual who is a resident of Clinton, Iowa.

20.    Machovec was employed by Defendant from approximately November 2010 to May 2014.  During this period, he worked as a SM in Defendant's store located in Clinton, Iowa.

21.    Pursuant to Defendant's policy, pattern, and/or practice, Machovec regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

22.     Throughout his employment with Defendant, during most weeks that Machovec worked for Defendant, he typically worked 5 days per workweek, with typical work days starting as early as 9:00am and ending as late as 9:00pm.  On average, he worked approximately 50 to 60 hours per workweek.

23.     Machovec is a covered employee within the meaning of the FLSA.

24.     A written consent form for Machovec is attached hereto as Exhibit B.

***Defendant***

25.     U.S. Cellular Corporation is a Delaware corporation, authorized to do business in Illinois, and with a corporate headquarters in Chicago, Illinois.

26.     Throughout the relevant period, Defendant employed Plaintiffs and similarly situated SMs within the meaning of the FLSA.  Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

27.     Defendant is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiffs and similarly situated employees.

28.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and similarly situated employees, including payroll and other employment practices that applied to them.

29.     Defendant applies the same employment policies, practices, and procedures to all SMs.

30.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

31.     U.S. Cellular Corporation is the entity listed on Plaintiffs' IRS Form W-2 Wage and Tax Statements.

## JURISDICTION AND VENUE

32.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

33.     In addition, the Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

34.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

35.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant is headquartered there.  Defendant is subject to personal jurisdiction in Illinois.

## FACTUAL ALLEGATIONS

36.     Plaintiffs bring this action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendant as SMs at any location in the United States, on or after June 28, 2013, who elect to opt-in to this action (the "FLSA Collective").

37.     Plaintiffs and members of the FLSA Collective ("Collective Members") all worked for Defendant as SMs at locations throughout the United States.

38.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

39.     Throughout their employment with Defendant, Plaintiffs and the Collective Members consistently worked more than 40 hours per workweek.

40. Defendant was aware that Plaintiffs and the Collective Members worked more than 40 hours per workweek, yet Defendant failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

41. Defendant did not keep accurate records of hours worked by Plaintiffs and Collective Members. That is, although Plaintiffs and Collective Members routinely worked more than 40 hours per workweek, Defendant did not record those hours.

42. Plaintiffs' and Collective Members' primary duty was not management.

43. Plaintiffs and Collective Members primarily performed non-exempt hourly work, including performing the duties of salespeople, such as selling telephones and service plans, and receiving and applying bill payments. Plaintiffs and Collective Members spent at least 75% of their time performing these non-exempt duties. These duties are the same as the duties performed by non-exempt, hourly-paid salespeople.

44. Plaintiffs and the Collective Members all perform or performed the same primary duties.

45. Plaintiffs and Collective Members were closely supervised by their Store Managers. Their Store Managers were responsible for the overall performance of the branches.

46. Plaintiffs and Collective Members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties, and were required to follow the policies, practices, and procedures set by Defendant and their Store Managers. Plaintiffs and Collective Members did not have significant independent discretionary authority to deviate from these policies, practices, and procedures.

47. For example, Plaintiffs and Collective Members did not have authority to (a) create or implement management policies, practices, and procedures for Defendant; (b) commit

- 6 -

Defendant in matters having significant financial impact; (c) set employee wages; (d) make decisions that altered the terms or condition of employment for employees; or (e) manage Defendant's business or any subdivision of it.

48. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

      a.    willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

      b.    willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

      c.    willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendant.

49. Defendant is are aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and the Collective Members, an overtime premium for hours worked in excess of 40 per workweek.

50. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act – Overtime Wages**
**On behalf of the Plaintiffs and the FLSA Collective Against Defendant**

51. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

- 7 -

53.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

54.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

56.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57.     At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

58.     Defendant failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

59.     Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

60.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

62.     As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Declare and find that the Defendant committed one or more of the following acts:

        i.      Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs and similarly situated persons who opt-in to this action; and

        ii.     Willfully violated provisions of the FLSA.

C.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.     Pre-judgment interest and post-judgment interest;

E.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F.     Reasonable incentive awards for the Plaintiffs to compensate them for the time

and effort they have spent and will spend protecting the interests of other SMs, and the risks they

are undertaking;

       G.      Attorneys' fees and costs of the action; and

       H.      Such other injunctive and equitable relief as this Court shall deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 28, 2016                Respectfully submitted,

                                      */s/ Ryan F. Stephan*
                                      **STEPHAN ZOURAS, LLP**
                                      205 N. Michigan Avenue, Suite 2560
                                      Chicago, Illinois 60601
                                      Telephone: (312) 233-1550
                                      Facsimile: (312) 233-1560
                                      rstephan@stephanzouras.com

                                      **SHAVITZ LAW GROUP, P.A.**
                                      Gregg I. Shavitz (*pro hac vice* motion forthcoming)
                                      Camar R. Jones (*pro hac vice* motion forthcoming)
                                      1515 S. Federal Highway
                                      Boca Raton, Florida 33432
                                      Telephone: (561) 447-8888
                                      Facsimile: (561) 447-8831